**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                                    **PLAINTIFF**

**V.**                                                 **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE COX**
**d/b/a JC DESIGNS**
**d/b/a WIRE N RINGS, and**
**JOHN DOE a/k/a Leroy and**
**JOHN DOES Numbers 1 through 99**                                      **DEFENDANTS**

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

On January 3, 2017, Ronaldo Designer Jewelry, Inc. ("Ronaldo"), filed a verified complaint naming as defendants James B. Cox and Catherine Cox d/b/a JD Designs d/b/a Wire N Rings, John Doe a/k/a Leroy, and John Does Numbers 1 through 99, claiming copyright infringement, trade dress infringement and unfair competition pursuant to the Lanham Act, and unfair trade practices and unfair competition. Doc. #1.

On January 12, 2017, Ronaldo filed a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. Doc. #4. Ronaldo seeks a temporary restraining order requiring the named defendants, and anyone acting in concert or privity with them, to: (1) immediately cease and desist from, among other things, copying, manufacturing, or reproducing the jewelry or marketing and advertising materials which Ronaldo contends infringe upon its copyrights and trade dress; (2) "immediately withdraw from all sales outlets any … [w]orks or marketing and advertising materials which [Ronaldo] contends infringe upon [its] copyrights or trade dress;" and (3) "identify each and every person or entity from whom Defendants have acquired any and all Infringing Works and to whom Defendants have licensed, assigned, or otherwise transferred the right to reproduce, manufacture, display, distribute, or sell jewelry

which [Ronaldo] contends infringes upon [its] copyrights or trade dress." *Id*. at 1. Ronaldo claims in the motion "that immediate and irreparable injury will result to Plaintiff if an injunction is not granted." *Id.* at 2.

"There are four prerequisites for the extraordinary relief of … [a] temporary restraining order …. A court may grant such relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the movant outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-cv-3625, 2014 WL 5032747, at *1 (N.D. Tex. Oct. 8, 2014) (internal brackets omitted). But, before engaging in this four-prong analysis in this case, the Court must first determine whether Ronaldo has complied with the procedural requirements of Rule 65. *See generally Ray v. La. Dep't of Pub. Safety and Corr.*, No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (compliance with procedural requirements "a threshold matter").

Ronaldo's motion does not specify whether it seeks a temporary restraining order with or without notice to the named defendants. However, because at the time the motion was filed the named defendants had not been served with the complaint and because the motion itself does not contain a certificate of service,[1] the Court concludes that Ronaldo seeks a temporary restraining order without notice.

With regard to the issuance of a temporary restraining order without notice, Rule 65(b)(1) provides:

> *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only* if:

---

[1] Federal Rule of Civil Procedure 5(a)(1) provides that the papers that "must be served on every party" include, among others, "a written motion, except one that may be heard ex parte."

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). The "specific requirements of Rule 65(b) are not mere legal niceties. They are strongly worded mandatory provisions which should be respected." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324 (7th Cir. 1984). Accordingly, the requirements of "Rule 65 must be strictly complied with." *Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972); *see Emerging Vision, Inc. v. Glachman*, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) ("[A] party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process.") (internal quotation marks omitted). Indeed, Rule 65(b)'s "stringent restrictions" regarding "the availability of … temporary restraining orders [without notice] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974); *see Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) ("district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders.").

Here, although Ronaldo filed a verified complaint containing facts[2] which may show immediate and irreparable injury prior to opposition, it failed to submit a certified writing by its attorney describing any efforts made to give notice to the named defendants and the reasons why

---

[2] The facts in the motion are primarily conclusory in nature and far from being specific as required by Rule 65(b).

notice should not be required.[3]  Consequently, Ronaldo has not met the strict requirements of Rule 65(b) and, therefore, issuance of a temporary restraining order would be improper.  *See Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D.P.R. 1984) (without certification of efforts to notify adverse party, ex parte relief is improper); *Burnette v. Haywood Cty. Bd. of Educ.*, No. 06-1197TAN, 2007 WL 2915413, at *2 (W.D. Tenn. Aug. 1, 2007) ("Rule 65(b)(2) mandates a written certification from the applicant's attorney detailing the efforts which have been made to give notice."); *see also Rainey v. Stephens*, No. 7:12-CV-190-O-BL, 2014 WL 843277, at *2 (N.D. Tex. Mar. 4, 2014) ("The Court may deny a temporary restraining order on procedural infirmities alone.").  Accordingly, Ronaldo's motion for a temporary restraining order [4] is **DENIED**.

    **SO ORDERED,** this 19th day of January, 2017.

                                    **/s/Debra M. Brown**
                                    **UNITED STATES DISTRICT JUDGE**

---

[3] Ronaldo subsequently filed returns indicating that Catherine Cox and James Cox were served with a summons on January 14, 2017.  Doc. #8; Doc. #9.  There is nothing in the record indicating they were served with the instant motion and, as mentioned above, no certificate of service is attached to the motion.