**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                        **PLAINTIFF**

V.                                                                                      **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX
d/b/a JC DESIGNS d/b/a WIRE N RINGS
and JOHN DOE a/k/a LEROY and JOHN
DOES Numbers 1 through 99**                                  **DEFENDANTS**

## ORDER

Before the Court is Ronaldo Designer Jewelry Inc.'s "Motion for Partial Dismissal of Defendants' Counterclaim." Doc. #92.

### I
### Relevant Procedural History[1]

On April 28, 2017, Ronaldo Designer Jewelry, Inc., with leave of the Court, filed a second amended complaint against James and Catherine Cox. Doc. #82. The three-count complaint seeks injunctive and monetary relief for the Coxes' production of jewelry which allegedly infringes on Ronaldo's intellectual property.

On May 12, 2017, the Coxes answered the second amended complaint. Doc. #87. The Coxes' answer includes fifteen counterclaims: (1) "Trademark Infringement in Violation of the Lanham Act" (Count I); (2) "False Designation of Origin in Violation of the Lanham Act" (Count II); (3) "Declaratory Judgment of Invalidity and Unenforceability of Ronaldo Designer Jewelry, Inc.'s Trade Dress" (Count III); (4) "Declaratory Judgment of Non-Infringement of Trade Dress" (Count IV); (5) "Declaratory Judgment of Invalidity and Unenforceability of Copyright in Power of Prayer Bracelet" (Count V); (6) "Declaratory Judgment of Invalidity and Unenforceability of

---

[1] A more detailed procedural history may be found in this Court's September 5, 2017, order. *See* Doc. #98.

Copyright in Angelina Bracelet" (Count VI); (7) "Declaratory Judgment of Non-Infringement of Angelina Bracelet" (Count VII); (8) "Declaratory Judgment of Non-Infringement of Power of Prayer Bracelet" (Count VIII); (9) "Unfair Competition in Violation of the Lanham Act" (Count IX); (10) "Unjust Enrichment under Mississippi Common Law" (Count X); (11) "Unfair Competition under Mississippi Common Law" (Count XI); (12) "Tortious Interference with Actual Business Relations" (Count XII); (13) "Tortious Interference with Prospective Business Relations" (Count XIII); (14) "Deceptive Trade and Business Practices in Violation of Mississippi Law" (Count XIV); and (15) "Defamation/Slander" (Count XV).

On June 16, 2017, after receiving a requested extension to respond to the counterclaims, Ronaldo filed a motion to dismiss Counts XI through XV of the Coxes' counterclaims for failure to state a claim. Doc. #92. The Coxes responded in opposition to the motion on June 29, 2017. Doc. #95. Ronaldo replied on July 6, 2017. Doc. #96.

## II
## Standard

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (quotation marks omitted).

## III
## Analysis

In its motion to dismiss, Ronaldo, referencing the Coxes' specific allegations and relevant law, argues that: (1) Count XI and Count XIV must be dismissed for lack of statutory standing and failure to satisfy the relevant statute's informal dispute resolution prerequisite; (2) Counts XII

2

and XIII must be dismissed for failure to plead the requirements of tortious interference claims; and (3) Count XV must be dismissed for failure to plead the elements of defamation or slander with requisite specificity. Doc. #93.

In response, the Coxes argue only:

> Here, Mr. and Mrs. Cox believe that they have stated claims upon which relief can be granted against Ronald Company in their Counts XI through XV of their Counterclaims. They believe the allegations stated in Counts XI through XV are sufficient to place Ronaldo Company on notice of the asserted counterclaims. They believe the allegations have satisfied the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, Mr. and Mrs. Cox respectfully request that the Court dismiss Ronaldo Company's Partial Motion to Dismiss Counts XI through XV of the Counterclaims. Alternatively, if the Court deems the information pled in the Counterclaims to be deficient, then Mr. and Mrs. Cox request that the Court grant them additional time and leave to amend their Counterclaims to state their claims with greater particularity.

Doc. #95 at 4.

The Local Rules of this Court prohibit the granting of a dispositive motion on the grounds of non-opposition. L.U. Civ. R. 7(b)(3)(E). However, "[c]ourts have consistently held that inadequate briefing results in a waiver of a party's arguments." *TGIP, Inc. v. AT&T Corp.*, 512 F.Supp.2d 696, 712 (E.D. Tex. 2007) (collecting cases).

The Court concludes that the Coxes' wholly inadequate briefing amounts to a waiver of their arguments regarding the viability of Counts XI through XV, as pled. Accordingly, the motion to dismiss will be granted. Such dismissal, however, will be without prejudice and with leave to amend. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

# IV
# Conclusion

For the reasons above, Ronaldo's motion to dismiss [92] is **GRANTED**. Counts XI through XV of the Coxes' counterclaims are **DISMISSED without prejudice**. The Coxes may file amended counterclaims as to the counts dismissed within twenty-one (21) days from the date of this order.

**SO ORDERED**, this 16th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**