IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RONALDO DESIGNER JEWELRY, INC.**                                                                **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 1:17cv2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX,**
*d/b/a* **JC DESIGNS,** *d/b/a* **WIRE N RINGS**                                      **DEFENDANTS**

## ORDER DENYING MOTIONS TO QUASH

Before the Court are Defendants' [138] Motion to Quash the Subpoena Served on Arvest Bank and [145] Motion to Quash the Subpoena Served on PayPal Holdings, Inc. Upon due consideration, the Court finds that the motions are not well-taken and are therefore DENIED.

*Discussion*

"Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and '[i]t is well established that the scope of discovery is within the sound discretion of the trial court.'" *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, *2 (S.D. Miss. Mar. 10, 206) (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)). When reviewing discovery motions, the Court adheres to Rule 26(b)(1), which provides in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Relevance, proportionality, and relative access are the key issues here. Plaintiff issued a subpoena to Arvest Bank requesting an index of all accounts on file for which Defendants are signatories along with detailed monthly statements for all business checking and savings accounts, credit card processing services, investment accounts, business loans, and federal tax statements associated with such accounts from January 1, 2000, to the present. A similar subpoena was issued to PayPal Holdings, Inc. Defendants object to these subpoenas as being overly broad, unduly burdensome, and not reasonably calculated to result in admissible evidence.

Defendants argue they have already provided the information sought by other means. For instance, they produced a list of three-years of gross credit card transaction sales along with their tax returns for those years. Defendants note that they do not keep records for individual items sold and to whom they were sold. A detailed list of credit card transactions for gross sales does not identify the particular product nor does it identify a particular customer, only the total purchase price. Thus, access to previous years' credit card transaction history from Arvest Bank and PayPal would not yield the information Plaintiff seeks.[1]

Plaintiff counters that the information sought by subpoena is relevant and necessary. As Defendants concede, their personal records are scant. While Defendants assert broad categories of deductions and expenses, they fail to identify specific amounts and have not produced any documents relating to their claimed deductions. In their depositions, Defendants acknowledged they reported their gross revenues and deductions to the IRS through their tax returns. However, the amount of revenue identified on their tax returns is identical to the amount of gross *credit card sales* Defendants disclosed. Thus, Plaintiff argues, the records from Arvest Bank and

---

[1] Defendants also argue the subpoenas should be quashed based on a merits argument. When the respective parties starting using the bracelet clasp in question is one of the lynchpins of this case. The Court cannot base its discovery rulings on an unresolved ultimate issue.

PayPal are necessary to aid in accounting for *cash sales* and deductions, as Defendants conceded they made cash sales. Per Defendants' depositions, the Arvest account is a separate business account, the statements of which they consult in reporting to the IRS.

Plaintiff acknowledges that, in the ordinary case, a defendant's bank records are not necessary. However, the Court agrees with Plaintiff that this is not the ordinary case. Defendants claim to have scant sales records and have not produced their gross sales figures (only gross credit card sales), and have provided no documentation for gross sales figures. With no other evidence to support an amount of cash sales, the Court agrees that analyzing Defendants' bank records is relevant and is not overly broad or unduly burdensome.

As to the PayPal subpoena, Defendants assert that "records obtained from PayPal would not disclose information about cash deposits from product sales, so Plaintiff Ronaldo's Subpoena based on that reason is misplaced."

However, as Plaintiff points out, Defendants testified that, at some point, they accepted payments through PayPal. It is unclear whether Defendants used PayPal for other financial purposes in the course of their business. And it is unclear whether Defendants included their PayPal sales in the gross credit card transaction figures. Moreover, PayPal records could potentially provide a "snap-shot" of sales numbers as well as price differentials, and are a potential source of information regarding the purchase of supplies and materials (deductions). Although Defendants argue PayPal records would not disclose information about cash deposits, PayPal offers such services, similar to traditional banking. It remains unclear whether Defendants used such services. Under the facts of this case, Plaintiff is entitled to find out. There is also the possibility that PayPal records would disclose some of Defendants' customers, which

could in turn disclose the type and quality of products sold by Defendants. Therefore, the requested records are relevant and are not overly broad or unduly burdensome.

IT IS, THEREFORE, ORDERED that Defendants' [138] Motion to Quash the Subpoena Served on Arvest Bank and [145] Motion to Quash the Subpoena Served on PayPal Holdings, Inc., are hereby DENIED.

SO ORDERED, this the 1st day of October, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE