**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                               **PLAINTIFF**

**V.**                                 **CIVIL CASE NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX, et al.**                               **DEFENDANTS**

**MEMORANDUM OF LAW IN SUPPORT OF
JAMES B. COX AND CATHERINE A. COX'S MOTION TO QUASH
THE SUBPOENA SERVED ON CAPITAL ONE, NATIONAL ASSOCIATION**

Defendants James B. Cox and Catherine A. Cox (collectively, "Defendants" or "Cox Defendants"), by and through their counsel, submit this Memorandum in Support of their Motion to Quash the Subpoena Served on Capital One, National Association, c/o Corporation Service Company by Plaintiff Ronaldo Designer Jewelry, Inc. ("Plaintiff") on or about October 5, 2018, and respectfully requests that the Court quash the Subpoena. Plaintiff Ronaldo's request is irrelevant, overbroad, and was issued to harass Cox Defendants.

    **A.**     **Cox Defendants Possess a Personal Right Concerning the Subject Matter Requested by Plaintiff Ronaldo.**

A motion to quash is governed by Federal Rules of Civil Procedure 45(d)(3). Pursuant to this rule, the Court "must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies…" Fed. R. Civ. P. 45(d)(3). A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. *See*, *e.g.*, *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Here, Cox

Defendants have standing to challenge the Subpoena as the requested documents will contain their personal financial information and other personal disclosures.

### B. The Subpoena to Capital One, National Association Should be Quashed as Overly Broad, Unduly Burdensome, Harassing, Irrelevant, and Not Reasonably Calculated to Lead to Admissible Evidence.

Cox Defendants assert that the Subpoena is overly broad, unduly burdensome, harassing, irrelevant, immaterial private disclosure, and is not reasonably calculated to result in admissible evidence. Unless otherwise limited by court order, Rule 26(b)(1) defines the scope of discovery, in relevant part: "Parties may obtain discovery regarding any **nonprivileged matter** that is **relevant** to any **party's claim or defense** and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1) (emphasis added). All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). More particularly, "[s]ubpoenas issued for discovery purposes are subject to the discovery limitations outline in Rule 26(b)." *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14CV78-DCB-MTP, 2016 WL 7422560, at *7 (S.D. Miss. May 16, 2016).

To determine whether a subpoena is overly burdensome the court considers the following factors: (1) relevance of the information sought; (2) the need of the party for the documents; (3) the breadth of the document request; 4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. *E.g., Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004). Here, each of the factors for relevance of the information sought, the breadth of the document request, the time period covered by the request, the particularity of the description of the documents, and the burden imposed strongly weigh against production of Cox Defendants' Capital One, National Association financial records.

Here, Subpoena for the requested accounts and information from Capital One, National Association are not limited to business accounts or records. This broad request would encompass

Mr. and/or Mrs. Cox's personal financial accounts and records – information that is not related to their jewelry business sales. It is unclear what, if any, additional relevant information would be obtained by sifting through twenty years' worth of Cox Defendants' personal bank and financial records, and Plaintiff has not identified otherwise. Additionally, the breadth of the request and the time period requested is overly broad, harassing, improper, irrelevant, immaterial and not reasonably calculated to lead to admissible evidence. The Subpoena requests overly broad information concerning all accounts in which Cox Defendants are a signatory, none of which are relevant to an arguable damages calculation, and none of which would lead to admissible evidence.

On October 12, 2018, Ms. Norment, counsel for Cox Defendants notified Mr. Fox, counsel for Plaintiff Ronaldo, via telephone conference that the Capital One account(s) held by Mr. and/or Mrs. Cox was a personal account(s), and requested that the Subpoena be withdrawn. Mr. Fox suggested that he would take a look at the Subpoena. Under an abundance of caution, this Motion and Memorandum are filed to maintain privacy of Mr. and/or Mrs. Cox's personal account(s).

Plaintiff Ronaldo should not be permitted to access Cox Defendants' financial records for such an indiscriminate time period at this early juncture. Plaintiff Ronaldo is engaging in a fishing expedition, which is not the purpose of discovery. Accordingly, Cox Defendants respectfully request that the Court not permit irrelevant discovery by Plaintiff Ronaldo that appears to be more harassing than productive, and to grant their Motion to Quash the Subpoena issued to Capital One, National Association.

Dated: October 14, 2018
                              Respectfully submitted,
RASHAUNA NORMENT LAW FIRM, PLLC
P.O. Box 30309
Little Rock, Arkansas 72260
Office: 501-319-7875
E-mail: Rashauna@NormentLawFirm.com

    /s/ *Rashauna A. Norment*

3

        Rashauna A. Norment
Ark. Bar No. 2008156
*Pro Hac Vice* admission granted
Attorney for Defendants
James B. Cox and Catherine A. Cox

OF COUNSEL:
*/s/ Michael J. Wolf*
MICHAEL J. WOLF, MSB #99406, Partner
RESNICK & LOUIS, PC
101 Highpointe Court, Suite C
Brandon, Mississippi 39042
Direct Number: 601-371-3939
E-mail: mwolf@rlattorneys.com
Attorney for Defendants
James B. Cox and Catherine A. Cox

4

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants James B. Cox and Catherine A. Cox, do hereby certify that I have this day filed with the clerk of court and have caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the CM/ECF system.

DATED: October 14, 2018  By: */s/ Rashauna A. Norment*
Rashauna A. Norment
RASHAUNA NORMENT LAW FIRM, PLLC
P.O. Box 30309
Little Rock, Arkansas 72260
E-mail: rashauna@normentlawfirm.com
Office: 501-319-7875
Ark. Bar No. 2008156
*Pro Hac Vice* admission granted
Attorney for Defendants
James B. Cox and Catherine A. Cox

OF COUNSEL:
MICHAEL J. WOLF, MSB #99406, Partner
RESNICK & LOUIS, PC
101 Highpointe Court, Suite C
Brandon, Mississippi 39042
Direct Number: 601-371-3939
E-mail: mwolf@rlattorneys.com
Attorney for Defendants
James B. Cox and Catherine A. Cox