**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                                             **PLAINTIFF**

**V.**                                             **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX**
**d/b/a JC DESIGNS d/b/a WIRE N RINGS**
**and JOHN DOE a/k/a LEROY and JOHN**
**DOES Numbers 1 through 99**                                                     **DEFENDANTS**

**ORDER**

This intellectual property case is before the Court on "Defendants James B. Cox and Catherine A. Cox's Motion for Issuance of Request to Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2)." Doc. #143.

**I**
**Procedural History**

On April 28, 2017, Ronaldo Designer Jewelry, Inc. ("Ronaldo Inc.") filed a second amended complaint in this case against James B. Cox and Catherine A. Cox d/b/a JC Designs d/b/a Wire N Rings, John Doe a/k/a Leroy, and John Does Numbers 1 through 99, alleging, among other things, claims for copyright infringement for various wire bracelets. Doc. #82. On September 2, 2018, the Coxes, alleging that "the information … Ronaldo provided in its copyright applications … for the Power of Prayer jewelry design and the Angelina jewelry design … was materially inaccurate and incomplete," moved this Court pursuant to 17 U.S.C. § 411(b)(2) to issue a request to the Register of Copyrights to determine whether the Register would have refused Ronaldo Inc.'s registrations in light of the alleged inaccurate or missing information. Doc. #143 at 1.

On April 24, 2019, after full briefing on the motion, this Court entered an order finding that the parties applied the incorrect legal standard in their briefs. Doc. #316. Accordingly, the

Court directed Ronaldo Inc. to file a supplemental response and granted the Coxes leave to file a supplemental reply. *Id*. at 7. Ronaldo Inc. filed its supplemental response on May 1, 2019. Doc. #317. The Coxes filed their supplemental reply seven days later. Doc. #318.

On May 15, 2019, Ronaldo Inc. moved to strike certain allegations and arguments in the Coxes' supplemental reply or, alternatively, for leave to file a supplemental sur-reply. Doc. #319. The Court denied Ronaldo Inc.'s request to strike but granted it leave to file a supplemental sur-reply. Doc. #323. Ronaldo Inc. filed the supplemental sur-reply on June 21, 2019. Doc. #324.

## II
## Standard

Requests to the Register of Copyrights are authorized by 17 U.S.C. § 411(b), which provides:

> (1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--
>   (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>   (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
>
> (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

As this Court previously explained, § 411(b)(2) requires referral

> in any case in which inaccurate information described under paragraph (1) is alleged. Paragraph (1), in turn, refers to information included in a copyright application that is (1) inaccurate; (2) provided with knowledge of its inaccuracy; and (3) would have resulted in a refusal of the copyright application. Accordingly, referral is required when a movant, in compliance with Rule 11, sets forth good-faith allegations that specific information included in a copyright application satisfies these three requirements.

Doc. #316 at 6 (quotation marks and alterations omitted).

Allegations and arguments are made in good faith under Rule 11 when (1) they are not

2

presented for any improper purpose; (2) they are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) factual allegations, if any, "have evidentiary support" or are likely to have evidentiary support after an opportunity for investigation; and (4) denials of factual allegations, if any, "are warranted on the evidence, or are reasonably based on belief or a lack of information." See Fed. R. Civ. P. 11(b).[1]

### III
### Analysis

In their motion and supplemental reply,[2] the Coxes argue that Ronaldo Inc.'s 2011 copyright application for its Power of Prayer bracelet and 2013 copyright application for its Angelina bracelet contained knowing material misrepresentations because Ronaldo (1) was not the claimant or owner of either of the works; (2) was not the author of either of the works; and (3) "did not identify or exclude the substantial portions of each bracelets that were in the public domain, common, or previously published at the time the application was filed." Doc. #318 at 2.

To understand the Coxes' contentions regarding Ronaldo Inc.'s applications, it is necessary to trace the history of the intellectual property rights to the two bracelets. Ronnie Needham, while the owner of Gold Craft Associates, Inc., created the Power of Prayer Bracelet in 1995, and the

---

[1] In its supplemental memorandum, Ronaldo Inc. argues the adequacy of the referral allegations should be evaluated "under the same standard as allegations made in a complaint to determine if a claim upon which relief can be granted has been asserted." Doc. #317 at 2. Ronaldo Inc. contends this approach is consistent with the Supreme Court's holding in *Gwaltney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987), the case on which this Court relied in its order setting forth the good faith standard. *Id.* (footnote omitted). *Chesapeake Bay*, as this Court previously explained, considered the showing necessary to invoke jurisdiction under the Clean Water Act's jurisdictional statute, which provided for jurisdiction over an action against any person "who is alleged to be in violation" of the Clean Water Act's requirements. 484 U.S. at 64. Ultimately, the Supreme Court determined the statute was satisfied when a person made "good-faith allegation[s]" of violations. *Id.* Nothing in the decision, which invoked Federal Rule of Civil Procedure 11, suggests the Supreme Court contemplated folding the federal pleading standards into Rule 11's good faith inquiry. Doing so here, where the allegations are not contained in a complaint, would be particularly inappropriate.

[2] As the Court previously observed, the Coxes included new arguments and allegations in their supplemental reply. *See* Doc. #323. The Court has elected to consider these arguments in the interest of judicial efficiency. *See id.*

Angelina Bracelet in 2000.[3] There is no dispute that Gold Craft obtained the intellectual property rights to the bracelets. On July 9, 2008, Ronaldo Inc. was formed by, according to Ronaldo Inc., Edward Allen Needham (Ronnie's brother) or by, according to the Coxes, Ronnie (who went by "Ronaldo").

On March 1, 2009, Gold Craft and Ronaldo Inc. executed a "Sale and Purchase Agreement" for "certain tangible and intangible assets which are used in or otherwise connected with [Gold Craft's] jewelry business." Doc. #144-4 at ¶ 2(1). The same day, they executed an "Assignment of Licenses and Business Property Rights," which transferred to Ronaldo Inc. all Gold Craft's "right, title and interest in and to any intellectual property …." Doc. #144-5 at ¶ 1(b).

On April 16, 2009, Ronnie filed for bankruptcy. During the bankruptcy proceedings, Ronnie disclosed the sale of "[a]ll assets" of Gold Craft but did not specifically disclose as an asset the transfer of intellectual property or an ownership interest in Ronaldo Inc. Doc. #155-7 at 5. Ronnie's debts were discharged by the bankruptcy court in July of 2009. On July 1, 2010, Edward sold all his stock in Ronaldo Inc. to Ronnie.

Ronaldo Inc. received a certificate of copyright registration for the Power of Prayer bracelet in 2012 and a certificate for the Angelina bracelet in 2013—both registrations listed Ronaldo Inc. as author and claimant. Doc. #318-2 at 2; Doc. #318-4 at 2. In 2015, Ronaldo Inc. submitted supplemental registrations to the Copyright Office to correct the fact that Gold Craft, not Ronaldo Inc., was the author of the two works, and that Ronaldo Inc. was claiming the certificate "by assignment." Doc. #318-2 at 4–5; Doc. #318-4 at 4–5. The supplements explained that "[a]s a result of a change in counsel, Claimant's counsel was at the time of registration, aware of the correct employee who created the work, but was unaware of the correct entity by whom he was

---

[3] The Coxes allege that Ronnie "presumably" created both designs. Doc. #318 at 16. Ronaldo Inc. has not disputed this allegation.

4

employed at the time of creation." Doc. #318-2 at 5; Doc. #318-4 at 5. The Copyright Office reissued both certificates with the requested changes. Doc. #318-2 at 4–5; Doc. #318-4 at 4–5.

### A. Claimant and Owner

The Coxes argue that Ronaldo Inc. was not the owner of the Angelina and Power of Prayer bracelets at the time it applied for the relevant copyright registrations because "Ronaldo, by and through its CEO and founder [Ronnie] Needham, lost copyright ownership in Power of Prayer and Angelina jewelry designs by operation of law after Mr. Needham filed for chapter 7 bankruptcy in 2009." Doc. #144 at 9. Specifically, the Coxes contend Ronnie failed to disclose to the bankruptcy court (1) the assignment of copyright rights from Gold Craft to Ronaldo Inc.; and (2) an ownership interest in Ronaldo Inc. *Id*. at 8–9. According to the Coxes, because of these purported disclosure failures, the transfer from Gold Craft to Ronaldo Inc. "should be deemed fraudulent for violating 11 U.S.C. § 548(a)(1)(A) and should have been void." *Id*. at 9.

11 U.S.C. § 548(a) states that a bankruptcy trustee "*may* avoid any transfer … of an interest of the debtor in property … that was made or incurred on or within 2 years" of the bankruptcy petition if the transfer was made "with actual intent to hinder, delay, or defraud …." (emphasis added). Beyond speculation,[4] the Coxes have offered no allegations which would support a conclusion that the transfer between Gold Craft and Ronaldo Inc. was in any way "fraudulent" so as to implicate the statute. Even if the transfer was fraudulent under the statute, there is no allegation the trustee in Ronnie's bankruptcy has acted to set aside the transfer. In the absence of such allegations, the Coxes' invocation of § 548(a) is unwarranted by existing law or non-frivolous argument to extend existing law.

---

[4] The Coxes contend that if Ronnie "were not attempting to conceal assets and company ownership from the bankruptcy court, a logical transition to Plaintiff Ronaldo's current trade name would have been to amend its trade name from Gold Craft Associates, Inc. to Ronaldo Designer Jewelry, Inc." Doc. #144 at 10. This argument is, of course, undermined by the fact that the sale agreement was provided to the bankruptcy court.

5

As for the Coxes' general allegations of failure to disclose, it is true that undisclosed assets remain property of a bankruptcy estate.[5] However, the assets allegedly concealed from the bankruptcy court here were not the intellectual property rights to the bracelets but rather Ronnie's interests in the *proceeds* from the transfer of the intellectual property and, relatedly, in Ronaldo Inc. Even if these assets remained with the bankruptcy estate, it would not mean that the rights to the bracelets, which were held by Ronaldo Inc. and thus were not at issue in the bankruptcy proceeding, would have been impacted in any way. Thus, any contention that Ronaldo Inc. was not the claimant or owner is unwarranted by existing law or nonfrivolous argument to extend existing law, and thus fails to set forth a good faith allegation that Ronaldo Inc. was not the owner of the copyrights at the time the applications were filed.

### B. Authorship and Transfer

The Coxes next argue referral to the Register is required because Ronaldo Inc.'s initial copyright applications, which have since been corrected, erroneously listed Ronaldo Inc. (rather than Gold Craft) as the author of the bracelet designs and failed to specify that Ronaldo Inc. was claiming the copyright through a transfer. Doc. #318 at 5–6. There is no dispute the applications were incorrect in this regard. However, Ronaldo Inc. argues that because the Copyright Office declined to cancel the registrations after having been informed of the errors, the Coxes cannot show that the Copyright Office would have denied the applications if it had known of the misstatements. Doc. #324 at 3–4.

The Register of the Copyright Office has made clear that if an applicant lists an incorrect author, the Copyright Office would contact the applicant to provide an "opportunity to either correct the application or provide an explanation." *See* Register of Copyrights, *Response of the*

---

[5] *In re Roberts*, 556 B.R. 266, 281 (Bankr. S.D. Miss. 2016).

*Register of Copyrights to Order Pursuant to 17 U.S.C. § 411(b)(2)*, at 3–4 (July 15, 2009).[6] Where the possible explanation is later accepted by way of a supplementary registration, it may be presumed that had the reason been provided in response to the Register's inquiry, the original "application would have been amended accordingly and approved." *Id*. at 4.

Here, because the Register accepted Ronaldo Inc.'s supplemental registration and because the Coxes have made no allegation that the appropriate information would not have been provided to the Copyright Office in response to an inquiry, the Court concludes that the Coxes have not made a good faith allegation that the Register would have rejected Ronaldo Inc.'s applications based on the incorrect author information.

### C. Excludable Elements

During the time period relevant to the Coxes' motion, federal law—specifically, 17 U.S.C. § 409(9)—required that a copyright applicant for a derivative work or compilation include "an identification of any preexisting work or works that [the work] is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered …." Consistent with this statute, the Copyright Office required that applicants applying for protection of derivative works or compilations include statements of "Preexisting Material" and "Material Added to This Work" if "a substantial amount of the material incorporated in the … work is in the public domain or has been registered or published previously." Compendium of U.S. Copyright Practices § 626.01(a) (2d ed. 1998) ("*Compendium II*"). The Register was authorized to reject an application based on a failure to comply with this disclosure requirement unless "the material excluded from the claim and the new material [were] clearly indicated elsewhere on the application …." *Id*. § 626.01(b).

---

[6] https://www.copyright.gov/rulings-filings/411/velazquez-gonzalez-v-pina-no-3-07-cv-01512-dpr-july-15-2009.pdf

1. **Power of Prayer bracelet**

The Coxes submit the Power of Prayer bracelet "is a derivative of pre-existing designs, including" designs by Preston Reuther and those included in an *Incahoots* brochure. Doc. #318 at 9. The Coxes further argue the "Power of Prayer Bracelet design incorporates a substantial amount of [the] prior work, including at least the wire window, vertical wraps, and seven beads, to such an extent that such omission on the copyright application constituted an inaccurate statement." *Id*. at 9–10. According to the Coxes, the omissions were necessarily knowing because Ronnie (the designer of the bracelets) was "familiar" with Reuther's works and had seen the work of Juan Velez, who had "previously associated" with the owner of the *Incahoots* brochure. *See* Doc. #318 at 15; Doc. #169 at 3. Finally, the Coxes submit that because the Register has found it would have rejected applications for undisclosed derivative works, it is "plausible" it would have declined to register the Power of Prayer bracelet. Doc. #318 at 18. Ronaldo Inc. responds that the Power of Prayer bracelet was not derivative, that the Coxes identify "elements, not works" and that "[s]ince only pre-existing works, not elements, must be disclosed [the Coxes'] argument fails." Doc. #324 at 11. Ronaldo Inc. also argues that the Coxes allegations of knowledge are insufficient. *Id*. at 11–12.

As explained above, relevant copyright practice required that applicants for derivative works disclose statements of pre-existing material. A derivative work is defined as a "work based upon one or more preexisting works," including "elaborations, or other modifications …." 17 U.S.C. § 101.

> Case law in which courts adjudicated the issue of whether a work is "derivative" of a preexisting work is sparse. Factors relevant to this determination include whether the designs are "substantially similar," whether there exists evidence of independent creation, the relationship between the designer and the owner of the preexisting work, and whether the designer was instructed to base his or her design on the preexisting work, among other factors.

*Tween Brands Inv., LLC v. Bluestar Alliance, LLC*, No. 2:15-cv-2663, 2015 WL 7721217, at *6

(S.D. Ohio Nov. 30, 2015) (citations omitted) (collecting cases).

In the absence of any allegation that Ronnie had ever *seen* an Incahoots bracelet, the Court concludes the Coxes' allegations that the Power of Prayer bracelet was based on such designs lack the requisite good faith. However, while the Court is very skeptical of the arguments with respect to Reuther,[7] it does not find the position to be so deficient as to rise to the level of a Rule 11 violation.

First, a good faith argument could be made that the Reuther window bracelet, shown in Figure 1,[8] and the Power of Prayer bracelet, shown in Figure 2, are "substantially similar" based on the similarities identified by the Coxes (a wire window containing seven beads, surrounded by vertical wraps). *See generally Lennar Homes of Tex. Sales & Mktg., Ltd. v. Perry Homes, LLC*, 117 F. Supp. 3d 913, 939 (S.D. Tex. 2015) (works "may consist of a protectable arrangement of unprotectable elements"). Furthermore, the Coxes have alleged a relationship between Ronnie and Reuther which provided Ronnie access to Reuther's works. And, because the wire window, the seven beads, and the vertical wrappings taken together indisputably compose a large portion of the Reuther window bracelet, the Court concludes that the Coxes have asserted good faith allegations that Ronaldo Inc. was required to disclose the works on its application and that its failure to do so rendered its application inaccurate. Thus, while a close call, the Court concludes the Coxes have raised a good faith allegation that the Power of Prayer bracelet was based on the Reuther window bracelet so as to have required disclosure of the work under prevailing copyright practices.

---

[7] This is particularly true considering an affidavit submitted by Reuther that he believes the Power of Prayer bracelet to be a unique work. *See* Doc. #250-5 at 6.

[8] The Coxes submitted a page with numerous Reuther designs. *See* Doc. #318-5. The bracelet shown in Figure 1 appears to be the only bracelet which matches the arguments they advance.

9

*Figure 1: Reuther Window Bracelet*   *Figure 2: Power of Prayer Bracelet*

  

Next, based on the similarities between the bracelets and the connections between the authors, the Court also concludes the Coxes have raised a good faith allegation that Ronaldo's failure to identify the previous work was knowing.

Finally, because the *Compendium II* authorized the rejection of applications when an applicant omitted previous works when required to disclose them, the Court concludes that the Coxes have made a good faith allegation that the inaccurate information, if known, would have resulted in the rejection of the Power of Prayer application.

In sum, the Court concludes that the Coxes have made good faith allegations which warrant a request to the Register regarding the Power of Prayer bracelet. On referral, the Register is requested to provide guidance as to whether, had it known the Power of Prayer bracelet was derivative of the Reuther window bracelet, it would have rejected the application for failure to disclose previous material works.

### 2. Angelina bracelet

The Coxes argue that the Angelina bracelet, shown in Figure 3, is derivative of a bar bracelet produced by Reuther, shown in Figure 4, and unspecified bracelets produced by Jessie Donnan because the bracelets include "a standard unmodified commercially available pattern bar, flat vertical wraps, the Velez wrapped clasp, and a standard hook-and-eye closure." Doc. #318 at 11.

*Figure 3: Angelina Bracelet*        *Figure 4: Reuther Bar Bracelet* 

Angelina Bracelet

Because the Coxes have not identified a Donnan bracelet on which the Angelina bracelet is allegedly based, and have not alleged that Ronnie was familiar with any such work, the Court finds no good faith allegations to justify a referral on such grounds. However, for the reasons above, considering the similarities between the Angelina bracelet and Reuther bar bracelet identified by the Coxes, and Ronnie's familiarity with Reuther's work, the Court finds sufficient grounds to issue a request to the Register on the potential effect of the Reuther bar bracelet on the Angelina bracelet application.

## IV
## Conclusion

The Coxes' motion for a § 411 request [143] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks a request to the Register to determine whether the Copyright Office would have rejected the application for the Power of Prayer bracelet if it had known the bracelet was based on the Reuther window bracelet and whether the Copyright Office would have rejected the application for the Angelina bracelet if it had known the bracelet was based on the Reuther bar bracelet. The motion is DENIED in all other respects. This case is **STAYED** pending a response from the Register.

**SO ORDERED**, this 17th day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**