**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                              **PLAINTIFF**

**V.**                                                                            **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX**
**d/b/a JC DESIGNS d/b/a WIRE N RINGS**
**and JOHN DOE a/k/a LEROY and JOHN**
**DOES Numbers 1 through 99**                                                   **DEFENDANTS**

## ORDER

Before the Court is Ronaldo Designer Jewelry, Inc.'s motion for reconsideration of the Court's July 16 order issuing requests to the Register of Copyrights, Doc. #358; and motion to strike the defendants' response to the Court's July 19 order, Doc. #361.

## I
## Procedural History

On July 16, 2019, this Court entered an order granting in part the defendants' motion for issuance of a request to the Register of Copyrights. Doc. #356. The order authorized two questions to the Register: (1) "whether the Copyright Office would have rejected the application for the Angelina bracelet if it had known the bracelet was based on the Reuther bar bracelet" and (2) "whether the Copyright Office would have rejected the application for the Power of Prayer bracelet if it had known the bracelet was based on the Reuther window bracelet." *Id*. at 10–11. The Court based the window bracelet question on its comparison of the Power of Prayer bracelet and the image in document #169-2,[1] which the Court, based on the defendants' representations, presumed to be a design of Preston Reuther.[2] *Id*. at 8–10.

---

[1] The order incorrectly cited this document as document #318-5.

[2] In their supplemental reply in support of their motion, the defendants argued:

> Concerning the Power of Prayer bracelet design, Plaintiff's design is a derivative of pre-existing designs, including those shown in the Incahoots brochure and Preston Reuther's products

On July 19, 2019, Ronaldo Designer Jewelry, Inc. filed a motion for reconsideration of the July 16 order on the ground that the image in document #169-2 was not designed by Reuther. Doc. #358 at 1–2. The same day, the Court directed the defendants to respond to the motion for reconsideration and to "identify which Preston Reuther product 'previously submitted in pleadings' matches the description in their supplemental reply, i.e., includes a 'wire window, vertical wraps, and seven beads ….'" Doc. #359. The defendants responded in opposition to the motion for reconsideration on July 26, 2019. Doc. #360. Five days later, Ronaldo moved to strike the defendants' response. Doc. #361. The motion to strike is fully briefed. Docs. #362, #363.

## II
## Motion for Reconsideration Standard

As a general rule, requests for reconsideration of an interlocutory order, such as the one at issue here, is properly treated as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007).

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Under Fifth Circuit jurisprudence:

---

(*previously submitted in pleadings*). The Power of Prayer bracelet design incorporates a substantial amount of prior work, including at least the wire window, vertical wraps, and seven beads, to such an extent that such omission on the copyright application constituted an inaccurate statement.

Doc. #318 at 9–10 (emphasis added). The only images matching this description in the defendants' filings regarding the motion at issue were the bracelet in document #169-1 (the *Incahoots* brochure) and the bracelet in document #169-2.

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, alterations, and citations omitted).

## III
## Motion to Strike

Ronaldo moves to strike the defendants' response to its motion for reconsideration as unresponsive to the July 19 order and because it improperly includes new exhibits and arguments. Doc. #361 at 1. While the July 19 order directed that specific information be included in the response, it did not *limit* the response to such information. *See* Doc. #359. The inclusion of additional arguments, though largely irrelevant to the ultimate issue raised by Ronaldo's motion, was not prohibited. Thus, while the inclusion of additional arguments and evidence renders the response largely deficient as a persuasive filing, Ronaldo has offered no authority or argument as to why this warrants striking the document. The motion to strike will be denied.

## IV
## Analysis

As this Court previously explained, 17 U.S.C. § 411(b) requires referral to the Copyright Register:

> in any case in which inaccurate information described under paragraph (1) is alleged. Paragraph (1), in turn, refers to information included in a copyright application that is (1) inaccurate; (2) provided with knowledge of its inaccuracy; and (3) would have resulted in a refusal of the copyright application. Accordingly, referral is required when a movant, in compliance with Rule 11, sets forth good-faith allegations that specific information included in a copyright application satisfies these three requirements.

Doc. #316 at 6 (quotation marks and alterations omitted). The Court's July 16 order found good-

3

faith allegations sufficient to justify referral regarding the Power of Prayer bracelet because (1) relevant copyright law required an applicant for a derivative work to identify whether "a substantial amount of the material incorporated in the … work is in the public domain or has been registered or published previously;" (2) the defendants identified an allegedly substantially similar piece (document #169-2) to which Ronnie Needham (the alleged creator of the Power of Prayer bracelet) had access; and (3) such work was not disclosed on the Power of Prayer application. Doc. #356 at 7–9.

It is now apparent that the image in document #169-2 is not a Preston Reuther product so as to have provided Ronnie Needham access to the design. The defendants have offered no additional allegations which would suggest Ronnie had access to the design, and have offered no additional allegations which would suggest derivativeness of another work.[3] Accordingly, this Court must reverse its determination that the defendants made good faith allegations that the Power of Prayer bracelet was derivative of the document #169-2 image so as to have required disclosure on the copyright application. In the absence of any duty to disclose, there can be no good faith allegation that the Power of Prayer application contained a material omission or misrepresentation. Reconsideration, therefore, will be granted.

## V
## Conclusion

Ronaldo's motion to strike [361] is **DENIED** and its motion for reconsideration [358] is **GRANTED**. An amended order on the defendants' motion for referral will issue separately.

**SO ORDERED**, this 22nd day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] The defendants' response contains numerous Reuther designs to which Ronnie allegedly had access. None of these designs were the basis for the defendants' initial motion for referral to the Copyright Register. Even if they were, none are sufficiently similar to raise a good faith question as to derivativeness or a corresponding duty to disclose.