UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RONALDO DESIGNER JEWELRY, INC.

    Plaintiff,

v.

JAMES B. COX, et al.,

    Defendants.

Case No. 1:17-cv-2-DMB-DAS

## RESPONSE OF THE REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)

On September 10, 2019, pursuant to 17 U.S.C. § 411(b)(2), the Court requested advice from the Register of Copyrights ("Register") by November 12, 2019, on the following question (the "Request"):

> Would the Register of Copyrights have refused Copyright Registration No. VA 1-858-093 if it had known that the Angelina Bracelet design was based on the bar bracelet design of Preston Reuther shown in Figure 2 of this Court's August 22, 2019, Amended Order?[1]

The Register hereby submits her response.

## BACKGROUND

A review of the Copyright Office's records shows the following:

On April 30, 2013, the U.S. Copyright Office ("Copyright Office" or "Office") received an application to register a jewelry design called The Angelina Bracelet. The application identified Ronaldo Designer Jewelry, Inc., as the work made for hire author and copyright claimant of the jewelry design. The application stated that the work was created in 2000, and that it was published in the United States on April 1, 2000. The application did not identify the work as a derivative work or disclose that the work incorporated preexisting material. The

---

[1] Request at 1.

ATTACHMENT A

Office registered the work with an effective date of registration ("EDR")[2] of April 30, 2013, and assigned registration number VA 1-858-093. Ronaldo Designer Jewelry, Inc. submitted a supplemental registration in 2015 to correct the fact that Gold Craft Associates, Inc. was the author of the Angelina Bracelet and that Ronaldo Designer Associates, Inc. had obtained ownership of the copyright by assignment.

In the Amended Order identified in the Request, the Court found Ronnie Needham, the owner of Gold Craft Associates, Inc. was acquainted with Preston Reuther, who was the author of a bracelet design that pre-dated the Angelina bracelet design and that "the Coxes have raised a good faith allegation that the Angelina bracelet was based on the Reuther bar bracelet so as to have required disclosure of the work under prevailing copyright practices."[3] The Court has requested the Register to consider whether if it had known the Angelina bracelet was based on the Reuther bar bracelet, the Office would have refused to register the claim.

## ANALYSIS

### I. Relevant Statutes, Regulations, and Agency Practice

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 409, and 410. Regulations governing applications for registration are codified in title 37 of the Code of Federal Regulations at 37 C.F.R. §§ 202.1 to 202.21. The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices*. The application for registration number VA 1-858-093 was filed in 2013. The governing principles that the Office would have applied at the time of application are set forth in the *Compendium of U.S. Copyright Office Practices, Second Edition* (referred to as *"Compendium II"*). Throughout this response, however, the Register cites the current, third edition of the Compendium (referred to as *"Compendium (Third)"*), which was released and became effective December 22, 2014, and was last updated in 2017, where the relevant practices have not materially changed and cites *Compendium II* if the relevant practices have materially changed.

The statutory requirements, regulations, and *Compendium* practices most relevant to the Court's request are as follows:

In pertinent part, the statutory requirements for copyright registration dictate that an application for registration shall "in the case of a compilation or derivative work," include "an identification of any preexisting work or works that it is based on or incorporates, and a brief,

---

[2] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee.
[3] Amended Order, Dkt. 365 at 10.

2

general statement of the additional material covered by the copyright claim being registered."[4] Identifying the new or revised material the author has contributed to a work and any material that is not claimed "is essential to defining the claim that is being registered" and "ensures that the public record will be accurate."[5] Under *Compendium II*, the requirement to exclude preexisting material from the copyright claim applied when a work incorporated "substantial amounts" of previously published material.[6]

The Copyright Office's regulations require applicants to make "[a] declaration that information provided within the application is correct to the best of [the applicant's] knowledge."[7] Generally, the Office "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."[8] The Office "generally does not compare deposit copy(ies) to determine whether the work for which registration is sought is substantially similar to another work."[9]

The Copyright Office will register a claim in a derivative work where the deposit material contains new authorship with a sufficient amount of original expression.[10] In the case of derivative works, the "new authorship that the author contributed to the derivative work may be registered, provided that it contains a sufficient amount of original expression, meaning that the derivative work must be independently created and it must possess more than a modicum of creativity."[11] The amount of creativity required for a derivative work is the same as that required for a copyright in any other work. The author must have "contributed something more than a 'merely trivial' variation."[12] Thus, "the key inquiry is whether there is sufficient nontrivial expressive variation in the derivative work to make it distinguishable from the [preexisting] work in some meaningful way."[13] A registration for a derivative work covers only the new creative expression added by the author, not the expression in the preexisting work.[14]

---

[4] 17 U.S.C. § 409(9).
[5] COMPENDIUM (THIRD) § 621.1.
[6] COMPENDIUM II § 626.02. In contrast, the *Compendium (Third)* states that an applicant should identify material that is "owned by an individual or legal entity other than the claimant who is named in the application" if the work contains "an appreciable amount" of such material. COMPENDIUM (THIRD) § 621.
[7] 37 C.F.R. § 202.3(c)(3)(iii).
[8] COMPENDIUM (THIRD) § 602.4(C).
[9] COMPENDIUM (THIRD) § 602.4(D).
[10] COMPENDIUM (THIRD) § 311.1.
[11] COMPENDIUM (THIRD) § 311.2 (citing *Waldman Publishing Corp. v. Landoll, Inc.*, 43 F.3d 775, 782 (2d Cir. 1994)).
[12] *Id.* (quoting *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 102-03 (2d Cir. 1951)).
[13] *Id.* (quoting *Schrock v. Learning Curve International, Inc.*, 586 F.3d 513, 521 (7th Cir. 2009)).
[14] *Id.*

## II. Register's Response to Court's Request

Based on the foregoing governing statutory and regulatory standards, and its examining practices, had the Office been aware that the work registered under VA 1-858-093 was based on a preexisting jewelry design of Preston Reuther, the Office would have refused to register the work pursuant to the application submitted because the application failed to identify that preexisting design and the Angelina design contains a substantial amount of material that is incorporated in the Preston Reuther design.

The Register notes, however, that it is not unusual for the examiner to correspond with an applicant about factual assertions if the assertions appear to conflict with other information provided in the application materials.[15] Accordingly, if the Office becomes aware of an error at the time of application, such as the omission of the statement regarding preexisting material, or has questions about facts asserted in the application, it provides the applicant an opportunity to correct the error or verify the facts within a specified period of time.[16] If the applicant responds in a timely fashion to the satisfaction of the Office, the Office can proceed with the registration. The Register's response herein is thus premised on the fact that the error identified in the Court's question was not timely corrected through such a process.

The Register also notes that the owner of a copyright may file an application for a supplementary registration to correct certain errors or to amplify information provided in a copyright registration.[17] A supplementary registration can be used to correct information regarding any limitations of the copyright claim identified in the certificate of registration, including to identify any preexisting works on which the work is based.[18]

The Office may decline to issue a supplementary registration when it is aware that there is actual or prospective litigation involving a basic registration if the proposed change would be directly at issue in the litigation and if the proposed amendment may confuse or complicate the pending dispute.[19] If so, the Office typically stays its consideration of the application for a supplementary registration until the applicant confirms in writing that the dispute has been resolved. But in this case, the Court has been briefed on the issues, and the Court would not be confused or misled if the Office reviewed and acted upon an application for supplementary registration while this litigation is pending.

Based on the Office's practices, if an application for a supplementary registration relating to VA 1-858-093 excluded the Preston Reuther design on which the Angelina bracelet design is

---

[15] COMPENDIUM (THIRD) § 602.4(C).
[16] Generally, an applicant has 45 calendar days to respond to questions concerning issues in the application materials. *See* COMPENDIUM (THIRD) § 605.6(B), (D).
[17] COMPENDIUM (THIRD) §§ 1802, 1802.1.
[18] COMPENDIUM (THIRD) § 1802.6(J).
[19] COMPENDIUM (THIRD) § 1802.9(G). For example, if the identity of the author of a work was the main issue in a litigation, the Office would not want to issue a supplementary registration that proposed to change the author identified in the basic registration.

allegedly based, the Copyright Office would examine the application to determine if the identified derivative authorship represented a sufficient amount of creative expression to warrant registration. Additionally, now that the Office has become aware that the Angelina design is allegedly a derivate of a pre-existing work, the Office would question Ronaldo regarding whether it received authorization from the owner of the Preston Reuther design to create a derivative work. In some instances, the Office has determined that the additional authorship claimed in an application for a supplemental registration does not warrant registration. If the new authorship represented a sufficient amount of creative expression, and provided that the other legal and formal requirements were satisfied, the Office would issue a supplementary registration.[20]

Dated: November 12, 2019

*Karyn A. Temple*
Register of Copyrights

---

[20] *See* COMPENDIUM (THIRD) § 311.2 ("The new authorship that the author contributed to the derivative work may be registered, provided that it contains a sufficient amount of original expression, meaning that the derivative work must be independently created and it must possess more than a modicum of creativity."); *id.* § 1802.6(J) ("If the specialist determines that the authorship described in the application for supplementary registration is not registrable, he or she may communicate with the applicant and may refuse to issue a supplementary registration.").

5