# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**RONALDO DESIGNER JEWELRY, INC.**                                          **PLAINTIFF**

**V.**                                                              **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX**
**d/b/a JC DESIGNS d/b/a WIRE N RINGS**
**and JOHN DOE a/k/a LEROY and JOHN**
**DOES Numbers 1 through 99**                                             **DEFENDANTS**

## ORDER

On September 21, 2018, Ronaldo Designer Jewelry, Inc., filed a motion for partial summary judgment regarding certain crossclaims asserted by the defendants. Doc. #164. The defendants responded to the motion on October 10, 2018. Doc. #180. On October 16, 2018, Ronaldo filed a motion to strike the defendants' response as untimely. Doc. #186. One day later, Ronaldo replied in support of its motion for summary judgment. Doc. #189. The motion to strike is fully briefed. Docs. #196, #201.

## I
## Analysis

Ronaldo argues that, pursuant to Local Rule 7(b)(4), the defendants' response was due to be filed on or before October 5, 2018, fourteen days after the motion was filed. Doc. #187 at 1. The defendants, citing the advisory committee's notes to Federal Rule of Civil Procedure 56, contend their response was timely. Doc. #196 at 1–2. They further argue that even if the response was untimely, the Court should exercise its discretion to consider the late filing. *Id.* at 2. Finally, in violation of Local Rule 7(b)(3),[1] they request an extension of the deadline to file the response. *Id.* at 3.

---

[1] "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L.U. Civ. R. 7(b)(3)(C).

Local Rule 7(b)(4) requires that counsel for a party "within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response." However, the advisory committee note to the 2009 amendment to Federal Rule of Civil Procedure 56 provides that "[i]f a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due."

Local rules cannot "diminish rights afforded to parties" by the Federal Rules of Civil Procedure. *Johnson v. United States*, 460 F.3d 616, 620 (5th Cir. 2006). "Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted). Accordingly, while the 2009 committee note may not create a right on its own, it is of great weight in interpreting the response rights under Rule 56.

Although it provides a deadline for *filing* motions for summary judgment, Rule 56 does not set or address response times generally.[2] Given the absence of any provision addressing response times which would be subject to interpretation, the Court questions to what extent the 2009 committee note's reference to a 21-day response window should be afforded weight. Nevertheless, the Court need not resolve the issue because Ronaldo has not shown grounds to strike the response, even if it was untimely.

A court, in the exercise of its inherent power to control its docket, may strike an untimely document. *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 534 (N.D. Miss. 2015). The primary consideration in considering whether to strike a response to a dispositive document is prejudice arising from the delay. *See Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) (affirming

---

[2] It does, however, authorize a court to grant summary judgment on grounds not raised in a motion "[a]fter giving notice and a reasonable time to respond …." Fed. R. Civ. P. 56(f).

denial of motion to strike two-day late response to § 2255 motion where movant did "not show[] the slightest prejudice resulting from the short delay"). Here, Ronaldo has identified no prejudice from the five-day delay, and this Court finds none. Accordingly, in the interest of deciding Ronaldo's dispositive motion on the merits, the motion to strike will be denied. See *Grabenstein v. A.O. Smith Corp.*, No. 2:11-cv-63929, 2012 WL 2849389, at *1 (E.D. Penn. Apr. 2, 2012) (denying a motion to strike an untimely filing "in light of the lack of prejudice to Plaintiff and the Court's significant interest in deciding cases on the merits").

## II
## Conclusion

For the reasons above, Ronaldo's motion to strike [186] is **DENIED**.

**SO ORDERED**, this 9th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**