**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                      **PLAINTIFF**

**V.**                                                                                     **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX
d/b/a JC DESIGNS d/b/a WIRE N RINGS
and JOHN DOE a/k/a LEROY and JOHN
DOES Numbers 1 through 99**                                    **DEFENDANTS**

**ORDER**

This intellectual property case is before the Court on Ronaldo Designer Jewelry, Inc.'s motion to strike certain photographs. Doc. #274.

**I
Procedural History**

On April 28, 2017, Ronaldo Designer Jewelry, Inc., filed a second amended complaint in this case against James B. Cox and Catherine A. Cox d/b/a JC Designs d/b/a Wire N Rings, John Doe a/k/a Leroy, and John Does Numbers 1 through 99, alleging claims for copyright infringement (Count One), trade dress infringement and unfair competition under the Lanham Act (Count Two), and unfair trade practices and unfair competition under Mississippi law (Count Three). Doc. #82. On May 12, 2017, the Coxes answered the complaint. Doc. #87. The Coxes' answer includes counterclaims for trademark infringement (Counterclaim One), false designation (Counterclaim Two), various forms of declaratory relief (Counterclaims Three through Eight), unfair competition under the Lanham Act (Counterclaim Nine), unjust enrichment under Mississippi common law (Counterclaim Ten), unfair competition under Mississippi common law (Counterclaim Eleven), tortious interference with actual business relations (Counterclaim Twelve), tortious interference with prospective business relations (Counterclaim Thirteen), deceptive trade and business practices (Counterclaim Fourteen), and "defamation/slander" (Counterclaim Fifteen). *Id.* at 27–

48.

On June 13, 2018, Ronaldo propounded to the Coxes a set of interrogatories and requests for production. Doc. #275-1. "Request No. 13" sought "any and all Documents that You believe or may use to support any defense to the claims brought by Ronaldo." *Id*. at 21. The Coxes responded:

> Defendants object to this request as not being reasonably limited in scope. Defendants also object that "any and all documents" are subject to attorney work product. Furthermore, discovery, investigation, and weight of documents that may be used to support defenses to claims brought by Ronaldo are ongoing and not fully developed. Please see the exhibits submitted during the Preliminary Injunction Hearing, and the exhibits submitted by Defendants in their pleadings, including but not limited to, initial evidence that the beaded bracelet and the pattern bar bracelet are frequently independently created, are common place, and are otherwise in the public domain; and the initial evidence that multiple wire artisans, including Defendants, have used the tapered wrapped clasp around the United States prior to Plaintiff's purported clasp attaining secondary meaning.

Doc. #275-2 at 41–42.

On January 30, 2019, the defendants filed a motion for summary judgment on some claims. Doc. #254. In support of their motion, the defendants submitted, among other documents, an affidavit of Juan Velez and an affidavit from John Darlin. Docs. #254-1, #254-6. It is undisputed that these affidavits contain photographs not disclosed during discovery. On February 13, 2019, Ronaldo filed a motion to strike the photographs in the Velez and Darlin affidavits. Doc. #274. The motion to strike is fully briefed. Docs. #299, #303.

## II
## Analysis

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party provide to the other parties "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Pursuant to Federal Rule of Civil Procedure 26(e)(1):

2

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In seeking exclusion under Rule 37, "the moving party bears the burden of showing that its adversary failed [to] timely … disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the movant satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, … the district court clearly did not abuse its discretion by excluding the testimony …."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

Here, Ronaldo argues that the "photos should have been produced in both the initial disclosures and in response to Ronaldo's Request for Production of Documents, number 13, yet they were not." Doc. #275 at 4. The Coxes do not dispute that their nondisclosure violated Rule 26(a). Nor do they offer any argument that the disclosure violation was substantially justified. Rather, they contend that the violation was harmless. *See* Doc. #299 at 1.

"In evaluating whether a violation of Rule 26 is harmless, … this Circuit considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the

3

evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (quotation marks omitted).

### A. Importance

The Coxes argue that the photographs are important because they "are additional proof of third party use of" the intellectual property at the heart of this action and, therefore, are important to their argument that Ronaldo's clasp is "invalid[] and unenforceab[le]." Doc. #299 at 2–3. Ronaldo does not dispute that the photographs are important but, citing *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875 (5th Cir. 2004), argues this fact weighs in favor of exclusion because "the importance of these pictures underscores how critical it was for Defendants to timely produce them." Doc. #303 at 3–4.

Ronaldo misreads *Hamburger*, which held that the importance of "proposed testimony weighs against exclusion of that testimony." 361 F.3d at 883. However, the *Hamburger* panel held that this factor "cannot 'singularly override the enforcement of local rules and scheduling orders'" and noted that "the importance of the testimony underscores how critical" it is to timely disclose the evidence. *Id*. Thus, contrary to Ronaldo's argument, the importance of a piece of evidence weighs against its exclusion. However, this importance may underscore the claimed disclosure violation and may not defeat exclusion on its own. Because Ronaldo has conceded the importance of the challenged photographs, this factor weighs against exclusion.

### B. Prejudice

Because the violating party has the burden of establishing harmlessness, it bears the burden of demonstrating that the moving party will not be prejudiced by admission of the evidence. *See Ford Motor Co. v. Versata Software, Inc.*, No. 15-cv-10628, 2018 WL 5306637, at *4 (E.D. Mich. Feb. 8, 2018) ("Versata has not met its burden of proving that Ford would not be prejudiced by

4

allowing Dr. Malek to opine."); *Holmes v. Merck & Co., Inc.*, No. 2:04-cv-608, 2007 WL 9728628, at *4 (D. Nev. Feb. 1, 2007) ("Nor have Plaintiffs met their burden to demonstrate that Defendant will not be prejudiced by permitting Dr. Kinsbourne to supplement his report.").

The Coxes argue that Ronaldo cannot show prejudice based on the violation because (1) "[b]oth men were identified in Cox's witness disclosures during discovery and each man was referenced numerous times in this case before discovery closed" such that "Ronaldo had ample opportunity to depose either man's testimony or to subpoena photographs, but it had not;" and (2) "[o]ther photographs showing the wire bracelets attributable to these two men were previously disclosed, available online, or otherwise used in exhibits to pleadings and/or hearings." Doc. #299 at 3. Ronaldo does not dispute that it could have deposed Velez and Darlin but contends that due to the Coxes' failure to disclose, it did "not have all the information available to make this decision." Doc. #303 at 4–5. It also argues that it was not required to subpoena the photographs because disclosure of the documents was already required. *Id*. Ronaldo does not address the argument that other photographs of wire bracelets made by Darlin and Velez were produced to Ronaldo during discovery. It simply argues that if it "did not believe [that] it would be prejudiced by the inclusion of the photographs, it would not have moved to strike them." *Id.* at 4.

The Coxes cite no authority, and this Court is aware of none, which stands for the proposition that a party is not prejudiced by a discovery violation because they could have made additional efforts to compel disclosure. Furthermore, while it is undisputed that the Coxes produced *some* photographs of bracelets produced by Velez and Darlin, there is no indication the photographs which were produced are similar in character or kind so as to preclude prejudice from non-disclosure of the photographs at issue. *Cf. Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 21 (D.P.R. 2009) ("Plaintiffs' advance notice mitigates the prejudice of a late disclosure."); *Arkeyo, LLC v. Cummins Allison Corp.*, 342 F. Supp. 3d 622, 625 n.4 (E.D. Pa. 2017) ("Arkeyo

5

suffered little to no prejudice because it received the list of expert topics in advance."). Under these circumstances, the Court concludes that the Coxes have not shown an absence of prejudice and, therefore, the prejudice factor weighs in favor of exclusion.

### C. Availability of Continuance

Although the Coxes refer to the availability of a continuance weighing against exclusion, they make no specific argument as to this point. Rather, they seem to contend the continuance factor weighs against exclusion because there is no prejudice. *See* Doc. #299 at 3–4. Because the Coxes have failed to advance an argument about the availability of a continuance, the Court concludes this factor weighs in favor of exclusion.

### D. Explanation

With regard to their failure to disclose the Velez photographs, the Coxes argue that "[t]he day Mr. Velez signed the instant Affidavit for Cox's Motion for Partial Summary Judgment, he confirmed the photographs and details as belonging to him, and only then were these additional photographs used with Cox's Motion for Partial Summary Judgment." *Id.* at 2. As to Darlin, the Coxes contend that "[t]he photographs are from his website and were not in Cox's possession or control until the Affidavit was signed and details concerning the photographs were confirmed by Mr. Darlin." *Id.* Somewhat strangely, Ronaldo argues that "Defendants do not provide an explanation of why these photos were not produced when they were unequivocally requested." Doc. #303 at 3.

To weigh against exclusion, an explanation for failure to comply with Rule 26 must be "reasonable." *Bessemer & Lake Erie. R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010). Although less than clear, it appears the Coxes argue that they did not have to disclose the photographs until they were "confirmed" (an unclear term) by Velez and Darlin. Doc. #303 at 2. However, request No. 13, the relevant request, sought documents that "may" be

6

used by the Coxes in asserting a claim or a defense. In this sense, so long as the documents "may" have been used to support a claim or defense, the Coxes were required to disclose them. The Coxes have offered no argument as to how or why they believed they were not required to disclose the photographs. Thus, they have not shown a reasonable explanation for their failure to comply and this factor weighs in favor of exclusion.

### E. Balancing

In sum, every factor but the importance of the photographs weighs in favor of exclusion. Because importance alone cannot tilt the Rule 37 balancing, exclusion is warranted.

### III
### Conclusion

Ronaldo's motion to strike [274] is **GRANTED**. The photographs in the Velez and Darlin affidavits are stricken.

**SO ORDERED**, this 6th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**