**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                   **PLAINTIFF**

**V.**                                                                          **NO. 1:17-CV-2-DMB-DAS**

**JAMES B. COX and CATHERINE A. COX
d/b/a JC DESIGNS d/b/a WIRE N RINGS
and JOHN DOE a/k/a LEROY and JOHN
DOES Numbers 1 through 99**                                         **DEFENDANTS**

### ORDER

This intellectual property case is before the Court on Ronaldo Designer Jewelry, Inc.'s motion for partial summary judgment. Doc. #164.

### I
### Procedural History

On April 28, 2017, Ronaldo Designer Jewelry, Inc., filed a second amended complaint in this case against James B. Cox and Catherine A. Cox d/b/a JC Designs d/b/a Wire N Rings, John Doe a/k/a Leroy, and John Does Numbers 1 through 99, alleging claims for copyright infringement (Count One), trade dress infringement and unfair competition under the Lanham Act (Count Two), and unfair trade practices and unfair competition under Mississippi law (Count Three). Doc. #82. On May 12, 2017, the Coxes answered the complaint. Doc. #87. The Coxes' answer includes counterclaims for trademark infringement in violation of the Lanham Act (Counterclaim One), false designation in violation of the Lanham Act (Counterclaim Two), various forms of declaratory relief (Counterclaims Three through Eight), unfair competition in violation of the Lanham Act (Counterclaim Nine), unjust enrichment under Mississippi common law (Counterclaim Ten), unfair competition under Mississippi common law (Counterclaim Eleven), tortious interference with actual business relations (Counterclaim Twelve), tortious interference with prospective business relations (Counterclaim Thirteen), deceptive trade and business practices under

Mississippi common law (Counterclaim Fourteen), and "defamation/slander" (Counterclaim Fifteen).

On April 26, 2018, Ronaldo filed a motion to dismiss Counterclaim Ten and Counterclaim Eleven. Doc. #104. On September 21, 2018, while the motion to dismiss was still pending, Ronaldo filed a motion seeking summary judgment on Counterclaims One, Two, Nine, Ten, and Eleven. Doc. #164. On October 10, 2018, the Coxes filed a response to the motion for summary judgment, which seeks relief pursuant to Federal Rule of Civil Procedure 56(d). Doc. #178.[1] Ronaldo replied on October 17, 2018. Doc. #189. On March 8, 2019, this Court granted Ronaldo's April 26 motion to dismiss and dismissed Counterclaim Ten and Counterclaim Eleven. Doc. #307. Following resolution of its motion to dismiss, Ronaldo answered the Coxes' counterclaims. Doc. #309.

## II
## Rule 56(d) Request

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

> While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up). Additionally,

---

[1] Ronaldo moved to strike this response as untimely. Doc. #186. The Court denied the motion to strike in the interest of deciding the motion for summary judgment on the merits. Doc. #372.

2

while Rule 56(d) relief does not depend on the filing of an affidavit or declaration,[2] the failure to do so provides sufficient grounds for denial of the request. *Leza v. City of Laredo*, 496 F. App'x 375, 377–78 (5th Cir. 2012); *Scotch v. Letsinger*, 593 F. App'x 276, 278 (5th Cir. 2014).

Here, the Coxes submitted no affidavit in support of their request for Rule 56(d) relief. Additionally, the request contains only generic statements that additional discovery has the potential to create a genuine issue of material fact.[3] *See, e.g.*, Doc. #178 at 5 ("Additional discovery would give Cox an opportunity to investigate and challenge the not-yet-plead defense of genericness of the trademark and the context surrounding Ronaldo's purported answers and defense(s) against trademark infringement, false designation of origin, and unfair competition."). The Coxes do not specify which specific facts would be uncovered or why a plausible basis exists to believe these facts exist.[4] The Rule 56(d) request is denied for these reasons.[5]

## III
## Summary Judgment Standard

A court may enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).

---

[2] *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991) ("The nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request. Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule.").

[3] The Coxes also argue without elaboration that tortious interference and "unanswered … trademark infringement claims are the essence of Ronaldo's Motion for Partial Summary Judgment," and that they cannot respond to the present motion without resolution of such claims. Doc. #178 at 4. Even assuming such claims are related, the Coxes have offered no argument as to how such relationships have prevented them from producing facts relevant to this motion for summary judgment.

[4] Indeed, since the close of discovery, the Coxes have not sought to supplement their summary judgment response.

[5] The Coxes also point out that Ronaldo had not answered the counterclaims when it filed its motion for summary judgment. However, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Id.* (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (alterations omitted).

## IV
## Analysis

Ronaldo seeks summary judgment on Counterclaims One, Two, Nine, Ten and Eleven. Doc. #164.

### A. Counterclaim One

In Counterclaim One, the Coxes assert a claim for trademark infringement under the Lanham Act based on Ronaldo's line of "FAMILY TIES" products. Doc. #87 at 27–29. The Coxes allege that the FAMILY TIES name infringes on a trademark they hold for "THE FAMILY BRACELET." *Id.*

"To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. To be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (footnote omitted). Registration of a mark with the Patent and Trademark Office "is prima facie evidence that the mark[ is] inherently distinctive." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 537 (5th Cir. 2015). A defendant "may rebut this presumption by demonstrating that the marks are not inherently distinctive" because the mark is either generic

4

or descriptive. *Id*. at 537, 539–40. If a defendant rebuts the presumption by showing a mark is descriptive, the plaintiff "bears the burden of establishing secondary meaning at trial." *Id*. at 543. If the mark is shown to be generic, it is not entitled to protection. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985).

Ronaldo argues that the word mark THE FAMILY BRACELET is generic, or at the very least descriptive, and that it lacks secondary meaning. Doc. #165 at 12–15. It further argues that there is no likelihood of confusion. *Id.* at 16–20. Because this Court concludes that summary judgment is warranted because the mark lacks secondary meaning and is at least descriptive, it need not consider whether the mark is generic or whether there is a likelihood of confusion.

"A *descriptive* term identifies a characteristic or quality of an article or service, such as its color, odor, function, dimensions, or ingredients." *Nola Spice*, 783 F.3d at 539. Put differently, a descriptive mark "conveys information about the product or service." *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 814 (5th Cir. 2019).

To the extent THE FAMILY BRACELET indisputably refers to a bracelet with family names,[6] there is no genuine issue of material fact that it is at least descriptive. *Power Balance LLC v. Power Force LLC*, No. 10-1726, 2010 WL 5174957, at *3 (C.D. Cal. Dec. 14, 2010) ("[T]he product itself is a silicone bracelet with a hologram. A word mark of 'Silicone Bracelet' would be descriptive ...."). Accordingly, to be entitled to trademark protection, the Coxes must show THE FAMILY BRACELET mark has secondary meaning. *Nola Spice*, 783 F.3d at 540.

"Secondary meaning occurs when, in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product itself." *Id*. at 543. Ronaldo argues that "[a]s Defendants have produced no evidence to support secondary meaning, the evidence compels the conclusion that Ronaldo is entitled to judgment as a matter of law." Doc.

---

[6] Doc. #165-1 at 75–76; Doc. #165-9 at PageID #3212.

5

#165 at 15. This Court agrees.

As explained above, when a non-movant bears the burden of proof at trial, a party seeking summary judgment may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease*, 915 F.3d at 997. Once this is done, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (alterations omitted). Here, Ronaldo has pointed out that the record contains no evidence of secondary meaning, an issue on which the Coxes indisputably bear the burden of proof. In response, the Coxes have pointed to no evidence which would show a genuine issue for trial on this point. Accordingly, the Court concludes that there is no genuine issue of material fact that THE FAMILY BRACELET is not an enforceable trademark and that, therefore, summary judgment on Counterclaim One is warranted.

### B. Counterclaim Two and Counterclaim Nine

Counterclaim Two asserts a claim for false designation of origin under the Lanham Act. Doc. #87 at 29. Counterclaim Nine asserts a claim for unfair competition under the Lanham Act. *Id*. at 40. Both claims are premised on the Coxes' registration of THE FAMILY BRACELET mark. *Id*. at 29, 40–41. Ronaldo argues it is entitled to summary judgment "[b]ecause Defendants' trademark lacks secondary meaning and is not distinctive …." Doc. #165 at 21.

Ronaldo is correct that Lanham Act claims for unfair competition and false designation of origin each require a protectable mark. *Phx. Entm't Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 796 (S.D. Tex. 2017) ("To prevail on trademark-infringement and unfair-competition claims under the Lanham Act, a plaintiff must establish ownership of a legally protectable mark ….") (citing *Bd. of Supervisors of La. State Univ. Agric. & Merch. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008)); *Rust Env't & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1214 (7th Cir. 1997) ("[A] plaintiff making a claim of false designation of origin must show that the mark is

6

entitled to protection as a trademark …."). Because there is no genuine issue of material fact that THE FAMILY BRACELET mark is not entitled to protection, summary judgment will be granted on Counterclaim Two and Counterclaim Nine.

### C. Counterclaim Ten and Counterclaim Eleven

As explained above, this Court, on Ronaldo's motion, dismissed Counterclaim Ten and Counterclaim Eleven for failure to state a claim. Doc. #307. The motion for summary judgment is moot to the extent it seeks summary judgment on such counterclaims.

## V
## Conclusion

Ronaldo's motion for partial summary judgment [164] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks summary judgment on Counterclaims One, Two, and Nine. The motion is DENIED as moot to the extent it seeks summary judgment on Counterclaim Ten and Counterclaim Eleven.

**SO ORDERED**, this 6th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**